UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRESENT**: | | **DATE** :  June 22, 2012 |
| HON.  ELIZABETH E. FOOTE | **JUDGE** | **COURT OPENED**   : 09:30 a.m. |
| Barbara Simpson | **COURT REPORTER** | **COURT CLOSED**   : 12:40 p.m. |
| Kathy Keifer | **COURTROOM DEPUTY** | **STATISTICAL TIME: 03:10** |

**MINUTES OF COURT** - **MOTION HEARING** (non evidentiary)
HELD IN SHREVEPORT

CIVIL CASE NO.:2:11-cv-0021
Jacqueline Edwards v Pinnacle Entertainment Inc of Delaware et al

Appearances:

Nelson W. Cameron          for Jacqueline Edwards

John T. Andrishok          for Pinnacle Entertainment Inc and P N K Lake Charles L L C

   X    CASE CALLED FOR ORAL ARGUMENT RE: PENDING MOTIONS [Record Documents No. 38, 42, 45, 47, 60,64,65]

COMMENTS:

Oral argument was held. The Court denied as moot Motions [45] and [47].

The Court granted in part and denied in part [60] Plaintiff's Cross Motion for Partial Summary Judgment, granted by finding the Plaintiff is disabled as a matter of law; and denied as to whether Plaintiff was qualified within the meaning of the ADA. Furthermore, the Court granted the motion in so far as FMLA leave is not a reasonable accommodation as a matter of law; therefore the defense of offering intermittent leave to the Plaintiff will not be available at trial.

The Court denied in part [38] Defendants' Motion for Summary Judgment to dismiss Pinnacle Entertainment, Inc. as the employer, as there exists a genuine issue of material fact as to the relationship of Pinnacle and PNK, LLC; and granted in part as to no private cause of action exists under HIPAA. All other grounds of the Defendants' motion seeking judgment in its favor and dismissal of the Plaintiff's claim were denied.

Briefs regarding the issue of burden of proof should filed by June 29, 2012, prior to the pretrial conference.

Plaintiff's brief regarding the issue of damages - what damages are available to the Plaintiff as a matter of law and what is the legal standard for an award of those damages - should be filed by July 13, 2012, and Defendants' response is due by July 20, 2012.

The Court granted in part and denied in part [64] Motion in Limine to Exclude Evidence of Alleged Accommodations to Others. The Court will allow the Plaintiff to produce evidence related to accommodations for Angel Amolie, Glenn Hebert, and Freda Stokes only regarding the essential function inquiry and to rebut the defense that permanent sit down positions were not available for security and other reasons. These will be the only permissible use of this evidence.

The Court granted in part and denied in part [65] Plaintiff's Motion in Limine. The Defendants will not be allowed to introduce evidence regarding gambling while on FMLA leave. Defendants may not impeach the Plaintiff with her deposition testimony relating to her denial of gambling while on FMLA leave on the grounds of relevance. As to Plaintiff's motion that Max Mills not be allowed to testify as to the character of the casino employees, the Court ruled that no witness can offer improper character evidence, and Max Mills' testimony as to the behavior of the casino employees is limited to actual events and policies and procedures in the casino. The Court further ruled that Plaintiff's subsequent employment is relevant to and admissible on the issue of damages, specifically the name of her position(s), the amounts she has earned, and whether she is employed full or part-time.

The Court granted in part, denied in part, and deferred in part the Defendants' Motion in Limine [Record Doc. 42]. As to Ms. Oppenheimer, the Court held that Human Resources Management is a field that is subject to expert testimony and that she is qualified as an expert in

June 22, 2012
Page Two

the area of Human Resources Management. She may testify as to how the casino failed to focus on the interactive process required by the ADA and how the casino lacked certain policies and procedures relative to the ADA and HIPAA as well as the inadequacy of the complaint and other HR mechanisms in place when examined in relation to industry standards. She can testify as to whether the casino followed its own policies and procedures. She can testify as to industry standards for filing complaints against a supervisor and whether those were met in this case. However, testimony as to whether the casino followed other standards of the SHRM's code of ethics and fairness which are not relevant to an ADA claim will not be allowed. Subjective testimony as to how the plaintiff was made to feel will not be allowed .The motion as to the testimony of Ms. Mitton will be subject to a Daubert hearing on June 29, 2012, at 10:00 a.m. The Court outlined its areas of concern as to Ms. Mitton's testimony and indicated that it will require testimony to reach a decision as to the admissibility of her testimony.